Paul D. Scott, Esq. (SBN 145975)
pdscott@lopds.com
Lani Anne Remick, Esq. (SBN 189889)
laremick@lopds.com
LAW OFFICES OF PAUL D. SCOTT, P.C.
435 Pacific Avenue, Suite 200
San Francisco, California 94133
Tel: (415) 981-1212
Fax: (415) 981-1215

Attorneys for Relator Michael Franchek

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *ex rel.* MICHAEL FRANCHEK and STATE OF CALIFORNIA, *et al. ex rel.* MICHAEL FRANCHEK,<br><br>    Plaintiffs,<br><br>v.<br><br>WORKRITE ERGONOMICS, LLC and KNAPE & VOGT MANUFACTURING COMPANY,<br><br>    Defendants.<br>_____ | No. 4:16-cv-02789-JSW<br><br>**DECLARATION OF ERIC R. HAVIAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES UNDER THE FEDERAL AND CALIFORNIA FALSE CLAIMS ACTS**<br><br>Hearing Date:   January 21, 2022<br>Time:                9:00 a.m. |

I, Eric R. Havian, declare and state:

1.      I am a partner in the San Francisco office of Constantine Cannon LLP, admitted to practice in California, multiple United States Courts of Appeals, and several United States District Courts around the country. I make this declaration to state my knowledge and offer my opinion regarding plaintiff's motion for an award of attorneys' fees and costs in this case. It is

1

based upon my own personal knowledge. If called as a witness to this action, I would testify to the facts and opinions stated herein.

2. In 1981, I graduated *cum laude* from Harvard Law School, and that year was admitted to the California bar. At law school, I was an oralist for the team that won the Ames Moot Court Competition. After I graduated, I practiced complex civil litigation at the Center for Law in the Public Interest and Heller Ehrman LLP. In 1987, I joined the Criminal Division of the U.S. Attorney's Office in San Francisco, where I became an Assistant United States Attorney, and was the lead prosecutor for defense procurement fraud cases. In 1994, I joined Phillips & Cohen LLP, where I opened the firm's West Coast office and practiced until joining Constantine Cannon LLP in 2015.

3. Since leaving the government in 1994, I have focused my practice on representing relators in *qui tam* litigation under the federal and state False Claims Acts and other similar statutes. In 2007, I was lead counsel for a whistleblower and several schools and other public agencies, in a trial that resulted in a $225 million verdict against an electric utility for overcharging its government customers. I represented a whistleblower and dozens of public agencies as lead counsel in a 13-year litigation that resulted in the 2009 payment of $90 million by companies selling high-lead waterworks parts to California municipalities. I also was lead counsel for relator in a 2009 action that resulted in what was then the largest settlement ever paid by a defense contractor in a whistleblower case, $325 million, against Northrop Grumman for selling defective components for government satellites. I was also lead counsel for relator in a case against one of the largest dialysis companies in the country that concluded in 2014 for what was then the largest stand-alone kickback settlement ever, $400 million. In the past 18 months, my firm has served as lead counsel in whistleblower cases that recovered $360 million (my case), $140 million, $57 million, and $40 million.

4. In 2010, California Lawyer Magazine named me a "California Lawyer of the Year." In 2008, the National Law Journal named me as one of the Top 10 "Winning" Attorneys in the nation. I have been selected as one of the top 500 lawyers in America by Lawdragon and one of the top lawyers in Northern California by Superlawyers from 2005 through 2020. I was

2

Declaration of Eric Havian in Support of Motion for Award of Attorneys' Fees under the Federal and California False Claims Acts

named to "Who's Who in America" for 2014. I have taught fraud seminars at Stanford Law School and Berkeley Law School. I am a former co-chair of the American Bar Association Health Law Litigation Committee. Further information may be found at http://constantinecannon.com/blog/attorneys/eric-r-havian/.

5. Constantine Cannon has approximately 75 attorneys in New York, Washington, D.C., San Francisco and London. Although I lead the firm's Whistleblower Representation group, the firm's practice is diverse and includes broad experience representing plaintiffs and defendants in commercial litigation. Constantine Cannon was founded in 1994 as a boutique antitrust firm, and it maintains a commitment to an antitrust practice today. Our attorneys are best known for record-breaking accomplishments on behalf of plaintiffs. The firm nonetheless has substantial experience representing defendants — from Fortune 500 companies to small, family firms — in antitrust and commercial litigation.

6. While most of our work on behalf of plaintiffs and relators is undertaken on a wholly or partially contingent basis, the firm's overall practice includes cases where we bill our clients each month on a non-contingent hourly basis. Our firm maintains standard billing rates for each of the attorneys based upon his or her year of graduation from law school. These are the rates the firm uses to bill fee-paying clients on a non-contingent hourly basis as well as subject matter expertise. Every year, the firm devotes time and resources to reviewing those rates and updating them consistent with the changes in the private marketplace, as well as the increased skills and experience for each billing attorney. My current non-contingent rate is $1,145 per hour. Based upon the firm's standard rates, as well as information I have gained from other attorneys and related fees litigation, it is my opinion this rate is commensurate with the rates charged by attorneys with my level of skills and experience at other firms in the Northern District of California. These are the same rates we would seek to be awarded, and have been paid by settling defendants, in statutory fee-shifting cases, including False Claims Act cases in this district and elsewhere. In my experience with relators' claims for attorneys' fees in cases settled and intervened by the government, defendants typically make a concerted effort to resolve attorneys' fees claims as part of the main settlement or immediately thereafter.

Declaration of Eric Havian in Support of Motion for Award of Attorneys' Fees under the Federal and California False Claims Acts

7. In order to attract competent attorneys to important public interest cases under fee-shifting statutes, it is essential that any fee award reflect the market value of the attorneys' contingent representation. In our contingent antitrust and whistleblower representation cases, the firm generally assumes the risk of not being compensated at all for the time and expenses committed to the litigation. Moreover, even when we do prevail and become entitled to our fees and costs, we anticipate that there will be substantial, indeterminate delays and expenses in the process. Our firm is willing to undertake such cases only after a careful review of the case circumstances, the likely amount of time and money that will be required to litigate the matter to conclusion, and the projected recovery of attorneys' fees and costs. In general, our firm will generally not accept contingent litigation unless the anticipated fee, if successful, is at a substantial premium above the non-contingent hourly rates maintained by the firm for our hourly fee-paying clients. In most cases involving lengthy and risky litigation, our projected fee needs to be at least equal to 3 times the value of the firm's services billed at these non-contingent hourly rates. If the projected fee does not meet this standard, we ordinarily would decline to accept the responsibilities.

8. I am familiar with the experience, skills and reputation of Paul Scott and Lani Remick, counsel for Mr. Franchek in this action. I have personally worked with Mr. Scott in connection with briefings we provided to U.S. Senate staffers regarding proposed whistleblower provisions in the Dodd-Frank Act, as well as presentations we jointly made to each of the members of the Securities and Exchange Commission ("SEC") regarding their implementation of the SEC's whistleblower program. I have also worked with Mr. Scott in a recent whistleblower case that is being handled jointly by our firms. For numerous years, I have witnessed both Mr. Scott and Ms. Remick's contributions to a broader nationwide community of attorneys who practice under the False Claims Act through speaking at conferences and publishing papers in connection with the same. I am aware that both of them formerly served as trial attorneys in the Civil Fraud Section at the U.S. Department of Justice, which makes intervention decisions and litigates on behalf of the United States in False Claims Act cases across the nation. I have also reviewed drafts of both of their declarations in support of this fee petition. In my opinion, Mr.

Declaration of Eric Havian in Support of Motion for Award of Attorneys' Fees under the Federal and California False Claims Acts

Scott and Ms. Remick are both among the best whistleblower attorneys in the nation, with extensive experience working under both the state and federal False Claims Acts. I routinely choose to refer clients I am unable to represent to Mr. Scott's firm, among the very few attorneys to whom I make such referrals. I do so because few other attorneys in the nation can match his firm's expertise and legal skills.

9. False Claims Act litigation requires a unique level of skill and expertise for relator's counsel to be most effective. The statutory framework and vast body of law interpreting it is complex in the first instance. Added to that is the multi-party nature of the litigation, which requires a strong familiarity with the manner in which state and federal governments conduct their investigations, interact with defendants and make decisions on intervention in cases. All of this knowledge must then be applied to the substantive claims in particular cases, each of which can involve entirely different government programs with their own sets of governing statutes and regulations, which are generally of threshold significance in determining whether false claims were made to the government and what the damages are that flow from those claims. Though there are an increasing number of attorneys taking on these cases, there are a limited number who possess the experience and expertise in all aspects of these cases to litigate them most effectively. Mr. Scott and Ms. Remick clearly fall within this category.

10. In False Claims Act cases, a critical element for whistleblower counsel is formulating a very thorough and persuasive initial complaint, written disclosure and presentation to the Government. These initial steps can often make a key difference in determining whether the Government elects to allocate resources to the matter and pursue it with the defendants. This, in turn, is important, for Government participation and commitment to intervention in a case is almost always a strong positive factor in bringing the case to a favorable resolution. I am familiar with the allegations and legal issues in this case. In this case, it appears that, due to the strength of their original pleadings and presentation of evidence to the government, Mr. Scott and Ms. Remick were successful in this regard and able to litigate this complex case with a high degree of efficiency.

Declaration of Eric Havian in Support of Motion for Award of Attorneys' Fees under the Federal and California False Claims Acts

11. It is my understanding that Mr. Scott is seeking an award of attorneys' fees in this case using a 2021 hourly rate of $919 and Ms. Remick is seeking an hourly rate of $850. In my opinion, these rates are well within, if not below, the rates charged by attorneys in the private marketplace for similar work performed by attorneys with comparable skill, experience and reputation in the Northern District of California, including work representing whistleblowers in False Claims Act cases. I can confirm that they are below the rates billed by Constantine Cannon attorneys from our San Francisco office with similar years of practice and paid by fee-paying clients on a non-contingent basis and by defendants in settlements or as an award from courts under fee-shifting statutes for work of similar complexity in this district.

12. It is also my understanding that Mr. Scott and Ms. Remick are seeking a 10% lodestar enhancement to account for the risk of non-payment due to the settlement having been made with payments over time, contingent risk, the deterrent effect of the result on other GSA contractors, and the fact that defendants continue to have a GSA contract and have changed their practice on a going forward basis. As described above, it is my opinion that the private marketplace compensates attorneys willing to take cases on a contingent basis by paying a multiple of the standard fee-paying hourly rate. A modest multiplier of 1.1 is certainly reasonable and is minimally necessary to ensure that attorneys like Scott and Remick are willing to take on complex cases involving false claims against the government, particularly when plaintiffs would otherwise be unable to afford to pay for legal services on an hourly basis.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

DATED: 10/29, 2021

Eric Havian, Esq.

6

Declaration of Eric Havian in Support of Motion for Award of Attorneys' Fees under the Federal and California False Claims Acts