FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SALINA SAVAGE, qui tam as Relator, and SAVAGE LOGISTICS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON CLOSURE HANFORD LLC; PHOENIX ENTERPRISES NW LLC; PHOENIX ABC JOINT VENTURE; and ACQUISITION BUSINESS CONSULTANTS, <br><br> Defendants. | No.   2:10-cv-05051-SMJ <br><br> **ORDER GRANTING RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES** |

Before the Court is Relator Salina Savage's motion for an award of attorney fees, relator's expenses, and costs, ECF No. 500. On May 11, 2010, Relator brought this *qui tam* action on behalf of the United States in part to prosecute Defendant Washington Closure Hanford LLC's (hereinafter "Defendant") alleged violations of the False Claims Act (FCA), 31 U.S.C. § 3729. ECF No. 1. More than three years later, the United States, through the Department of Justice (DOJ), partially intervened. ECF No. 157. On June 7, 2018, more than eight years after Relator

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 1

1    initially brought suit, the parties entered into a settlement agreement resolving

2    certain claims for $3,200,000. ECF No. 470-1. As part of that settlement, Defendant

3    agreed that Relator is entitled to an award of reasonable attorney fees, costs, and

4    expenses. *Id.* at 9. On July 16, 2018, the Court dismissed all remaining claims,

5    including those against other Defendants, based on the parties' stipulation in

6    accordance with their settlement agreement. ECF No. 471. The Court retained

7    continuing jurisdiction to adjudicate the parties' dispute regarding attorney fees,

8    costs, and expenses. *Id.* at 2.

9      Relator now seeks $1,915,670 in attorney fees and $207,476.82 in costs and

10    expenses, for a total award of $2,123,146.82. ECF No. 529 at 28. Defendant

11    opposes Relator's motion, asserting that she should recover no more than

12    $307,394.60. ECF No. 513 at 2. After reviewing the parties' filings,[1] the record, and

13    the relevant legal authorities, the Court finds good cause to grant Relator's motion

14    and awards **$1,223,402.50** in attorney fees, and **$186,036.34** in costs and expenses,

15    for a total award of **$1,409,438.84**.

16

17

18

---

[1]At the outset, the Court strikes the filing captioned "Relator's Objections to Evidence Submitted In Opposition to Relator's Fee Petition," ECF No. 534. The Court already granted Relator's request to file an overlength Reply—an opportunity Relator took full advantage of. *See* ECF No. 529. The "Objections" filing appears to be nothing more than an attempted end-run around this already increased page limit in an effort to put forth further substantive arguments, a gambit Relator's counsel has already made once before. *See* ECF No. 479.

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES **- 2**

**LEGAL STANDARD**

A relator who prevails on claims brought under the FCA is entitled to recover "reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1)–(2). Such an amount "shall be awarded against the defendant." *Id.* Because Relator requests awards of attorney fees as well as costs and expenses, the Court addresses each in turn.

**DISCUSSION**

**A.    Attorney Fees**

An award of statutory attorney fees is calculated by the "lodestar method." *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 565 (1986)). The burden is on the fee applicant to document the number of hours reasonably expended, and to establish a reasonable hourly rate. *Hensley*, 461 U.S. at 437.  The opposing party bears a burden of rebuttal "that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted" by the fee applicant. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) The lodestar is presumptively reasonable—only in "rare" cases will the Court modify it. *Id.* at 1402. Ultimately, a reasonable fee is one "that is sufficient to induce a capable

1    attorney to undertake the representation of a meritorious" FCA claim, *Perdue v.*
2    *Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010), and reflects the "level of success
3    achieved" by the prevailing party, *A.D. v. Cal. Hwy. Patrol*, 712 F.3d 446, 460 (9th
4    Cir. 2013).

5         Relator seeks attorney fees both for time spent on litigating the merits of her
6    FCA claims (the "merits phase" of the litigation) and for time spent litigating this
7    fee application (the "fees phase" of the litigation). Both require calculation of an
8    independent lodestar, and so the Court addresses each phase separately.

9    **1.  Merits Phase**

10        The Court first turns to an award of fees for the work of Relator's attorneys
11   during the merits phase of the litigation.

12   **a.  Hours expended**

13        The first factor of the lodestar is the number of hours "reasonably" expended
14   by counsel on the litigation. *Hensley*, 461 U.S. at 432. Hours are reasonable when,
15   "in light of the circumstances, the time could reasonably have been billed to a
16   private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)
17   (citing *Hensley*, 461 U.S. at 432). The Court will not award attorney fees, however,
18   for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461
19   U.S. at 434. "By and large, the court should defer to the winning lawyer's
20

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES - 4

professional judgment as to how much time he was required to spend on a case." *Moreno*, 534 F.3d at 1112.

Relator asserts that her attorneys and support staff expended 2229.25 hours on the merits phase of this litigation. ECF No. 529 at 28. Defendant argues that this figure should be reduced on three different bases.

### i.    Reduction for "Unrelated" Claims

First, Defendant asserts Relator's hours should be reduced to exclude time spent on "unrelated" claims. *See* ECF No. 513 at 16–18. Hours spent on an "unrelated," unsuccessful claim must be excluded from the lodestar, while time spent on a claim "related" to one on which a fee applicant prevails is compensable, even if the claim itself does not result in recovery. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141. "[T]he test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Id.* (quoting *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1279 (7th Cir. 1983)).

Defendant asserts that the Court should reduce the lodestar by 733.5 hours to account for time spent on "unrelated" claims arising out of the initial Truck and Pup ("T&P") subcontract. ECF No. 513 at 17. Relator initially brought claims alleging that Defendant improperly awarded the initial T&P subcontract to a company

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES **- 5**

1   ineligible for the award because it was not a proper small business. *See* ECF No. 1

2   at 1–2. These FCA claims were subsequently dismissed because, although the

3   company to which Defendant awarded the subcontract was, in fact, ineligible for

4   the award, Defendant did not claim small-business credit for doing so, and thus no

5   FCA violation occurred. ECF No. 267 at 28. However, the T&P subcontract was

6   later modified to include additional work for which Defendant *did* claim small-

7   business credit. *Id.* at 11. The United States later intervened in Relator's FCA claims

8   with respect to the modified T&P subcontract. *See* ECF No. 157 at 15. Those claims

9   survived dismissal, *see* ECF No. 267 at 27, and they were included in the subsequent

10  settlement between the parties, *see* ECF No. 470-1 at 3.

11          The Court thus finds that Relator's claims based on the initial and modified

12  T&P subcontract were not so unrelated as to require reducing the lodestar by the

13  time spent on the initial T&P subcontract. The conduct based on which the United

14  States later recovered—Defendant's allegedly fraudulent receipt of small-business

15  credit for the T&P subcontract, as modified—and Relator's claims based on that

16  subcontract prior to modification both stem from a "common core of facts,"[2] and

17  involve closely related, if not identical, legal theories. *Thorne*, 802 F.2d at 1131

18

19  _____

20  [2] Indeed, in dismissing Relator's FCA claims based on the initial T&P subcontract,
    the Court expressly noted their "relevance" to the modified T&P subcontract. ECF
    No. 267 at 28, n.12.

    ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
    COSTS, AND EXPENSES - 6

1   (citing *Hensley*, 461 U.S. at 434). Accordingly, Relator is entitled to fees for hours
2   spent pursuing FCA claims related to the initial T&P subcontract.

3               **ii.    Reduction for Time Spent Against Other Defendants**

4           The Court also declines to reduce the hours claimed by Relator to account for
5   time spent litigating against other Defendants, including against Defendants FE&C
6   and Sage Tec, with whom Relator settled separately. ECF No. 513 at 18. Defendant
7   argues that the failure to do so would amount to "double recovery" for Relator—
8   once from Defendant and once from its two co-Defendants. ECF 513 at 19. But
9   Relator already reduced the proposed lodestar by $145,000 to account for that
10  settlement. ECF No. 529 at 28. Thus, to also reduce the hours component of the
11  lodestar would result in both a dollar-for-dollar and hour-for-hour reduction, *i.e.,* a
12  *double deduction* for Defendant. ECF No. 529 at 18.

13          Defendant also argues that Relator should not recover fees for time spent
14  litigating against its dismissed co-Defendants with whom Relator did not settle. The
15  Court declines to do so, both because there is no principled basis to quantify the
16  hours spent on individual Defendants involved in an interrelated scheme, and
17  because this matter is likely one in which imposition of attorney fees jointly and
18  severally is appropriate. *See DeLew v. Nevada*, No. 2:00-CV-00460-LRL, 2010 WL
19  11636127, at *5 (D. Nev. Jan. 7, 2010).

20

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES **- 7**

### iii.   Reduction for "Limited Role" Post-Intervention

Finally, the Court will not reduce the numbers of hours for which Relator is awarded fees to account for her "limited role" in the litigation after DOJ intervened. ECF No. 513 at 20. For one, the Court believes that Relator's reduced post-intervention role is adequately reflected in the number of hours expended during that phase. ECF No. 500 at 11; *see also Perdue*, 559 U.S. at 553. Moreover, although DOJ may have taken a leading role in the litigation, Defendant has failed to show that Relator's post-intervention efforts were "unnecessary," and the Court therefore finds the requested reduction to those hours unwarranted. *Hensley*, 461 U.S. at 434. Likewise, the Court will not deduct 70.5 hours Relator spent preparing a motion to compel that was never filed. *See* ECF No. 513 at 20. Relator persuasively argues the motion was only rendered unnecessary once DOJ intervened and Defendant adopted a more cooperative approach to discovery, at which point the time and effort preparing the motion had already been spent. ECF No. 529 at 20; 530 at 12–13.

Accordingly, the Court finds that all 2229.25 hours for which Relator seeks an award of fees were reasonably expended.

### b.   Reasonable hourly rate

The second component of the lodestar, the reasonable hourly rate, is determined by the "rate prevailing in the community for similar work performed by

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 8

1   attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at

2   979. The fee applicant bears the burden of establishing the "market rate" by

3   "satisfactory evidence," which may include "affidavits of the plaintiffs' attorney[s]

4   and other attorneys regarding prevailing fees in the community." *United*

5   *Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

6   Thus, setting a reasonable hourly rate requires the Court first to decide which is the

7   relevant community, and then to determine the prevailing market rate in that

8   community.

### i.        Relevant community

10   The relevant community is generally the forum in which the district court

11   sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The Court may apply non-

12   forum rates, however, where "local counsel was unavailable, either because they

13   are unwilling or unable to perform because they lack the degree of experience,

14   expertise, or specialization required to handle properly the case." *Gates*, 987 F.2d

15   at 1405.

16   Under the forum rule, the Court would look to the prevailing market rate in

17   eastern Washington. *Barjon*, 132 F.3d at 496. Relator, however, urges the Court to

18   apply the prevailing market rate in Seattle, Washington, where Relator's counsel is

19   based. *See* ECF No. 500. Relator argues no attorney in eastern Washington

20   possessed the skills or experience in FCA litigation to successfully prosecute

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES - 9

1  Relator's claims. *Id.* at 18; *see also* ECF No. 505 at 2; ECF No. 508 at 11–14. In

2  fact, Relator states that when she first considered pursuing legal action against

3  Defendant, she initially consulted with local attorneys, who told her that she would

4  "need to look in Seattle or Portland." ECF No. 502 at 2.

5       Defendant states that it "easily identified" attorneys in eastern Washington

6  with FCA experience "similar to or greater than Babbitt's." ECF No. 513 at 11. In

7  support, it offers several conclusory declarations of area lawyers who testify that

8  there are attorneys in this district capable of litigating major FCA cases. ECF No.

9  515 at 5; ECF No. 516 at 4; ECF No. 517 at 6. These declarations are insufficient

10 to support Defendant's assertion that local counsel was available.[3] ECF No. 513 at

11 11. Defendant also points to four FCA cases from this district, dating back to 1995,

12 involving eastern Washington attorneys. ECF No. 514-1 at 18–29. This evidence is

13 also insufficient to establish that local counsel was available to Relator, as none of

14 the cases appear to be as complex, contested, or drawn out as this litigation. *Id.*

15

16 _____

17 [3] Notably, *none* of the three proffered declarations can be read to support
   Defendant's assertion that it "easily identified" attorneys in eastern Washington
   with FCA experience equivalent to—much less greater than—Mr. Babbitt's. *See*

18 ECF No. 515 at 5 (attorney's "former firm handled [FCA] actions in the past" and
   attorney "consider[s his] current firm … capable to handle such matters"); ECF No.

19 516 at 4 (attorney represented defendant in dismissed FCA matter and is
   "processing" an FCA claim on behalf of a relator); ECF No. 517 at 6 (lawyer knows

20 "many attorneys" capable of handling FCA litigation; attorney's partner handled
   unspecified FCA litigation).

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES - 10

1    Moreover, the Court notes the inconsistency between Defendant's argument

2    that competent local counsel was available to represent Relator and the fact that

3    Defendant too retained attorneys from Seattle—as well as Los Angeles and

4    Washington, D.C. ECF Nos. 18, 353, 389. More striking yet, Defendant did not

5    retain *a single* attorney from this district in its defense. Defendant was, and is, of

6    course, free to hire the attorneys of its choosing, but its decisions in that regard

7    undercut the claim that it "easily identified practitioners in the district with FCA

8    experience similar to or greater than Babbitt's." ECF No. 513 at 11. Although not

9    dispositive of the issue, this fact is certainly relevant to the Court's finding that it

10   was reasonable for Relator to retain counsel from Seattle.

11   Ultimately, Defendant fails to persuasively rebut Relator's evidence that

12   local counsel was unavailable. *See Gates*, 987 F.2d at 1406. The Court therefore

13   finds that the relevant legal community from which to determine the prevailing

14   market rate is Seattle, Washington.

15              **ii.      Prevailing market rate**

16   The Court next turns to the "rate prevailing in the community for similar work

17   performed by lawyers of reasonably comparable skill, experience, and reputation."

18   *Barjon*, 132 F.3d at 502. The prevailing market rate is usually established through

19   declarations of comparable attorneys. *Camacho*, 522 F.3d at 980; *see also Blum v.*

20   *Stenson*, 465 U.S. 886, 895 n.11 (1984) (requiring production of "satisfactory

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES - 11

1  evidence—in addition to the attorney's own affidavits—that the requested rates are

2  in line with those prevailing in the community"). While the fee applicant bears the

3  burden of establishing a reasonable hourly rate, the opposing party may present

4  evidence challenging the accuracy or reliability of the fee applicant's proposed

5  market rate. *Camacho*, 523 F.3d at 980.

6        Relator asks the Court to award fees at an hourly rate of $800 for Mr. Babbitt

7  and at a lesser rate for several associates and paralegals. *See* ECF No. 529 at 28.

8  Defendant, in stark contrast, contends that an hourly rate of $320 for Mr. Babbitt is

9  reasonable.[4] *See* ECF No. 514-1 at 57. After considering the arguments of counsel

10  and the record in this matter, the Court concludes that an hourly rate of $600 for

11  Mr. Babbitt is appropriate.

12        Relator seeks to justify an $800 hourly rate primarily by the declarations of

13  several Seattle attorneys. ECF No. 500 at 20–22. The Court finds two of those

14  declarations persuasive in determining a reasonable rate for Mr. Babbitt in the

15  Seattle legal market. *Camacho*, 523 F.3d at 980. The attorneys, both partners in

16  Washington law firms with evident standing in the legal community, state that Mr.

17  Babbitt could command an hourly rate for complex litigation work of approximately

18  $600. ECF No. 505 at 3 ($600–$650); ECF No. 506 at 4 ($600). Relator then argues,

19

20  ---

[4] Because Defendant asked the Court to apply the prevailing hourly rate for eastern Washington, it made no argument regarding what the prevailing hourly rate in Seattle.

1  and the two attorneys agree, that Mr. Babbitt should be compensated at a higher

2  hourly rate in light of the risk inherent in litigating on a contingent-fee basis. ECF

3  No. 500 at 22; ECF No. 505 at 3; ECF No. 506 at 4.

4       The Court, however, holds that it would inappropriate to consider contingent

5  risk in awarding attorney fees under § 3730(d). In *Dague*, the Supreme Court held

6  that it was error to account for contingent risk when calculating attorney fees under

7  various environmental statutes, noting that "enhancement for contingency would

8  likely duplicate in substantial part factors already subsumed in the lodestar." 505

9  U.S. at 562–63. The Supreme Court there observed that the language of the

10  provisions at issue "is similar to that of many other federal fee-shifting statutes,"

11  and held that its "case law construing what is a 'reasonable' fee applies uniformly

12  to all of them." *Id.* at 562 (citing *Flight Attendants v. Zipes*, 491 U.S. 754, 758, n.2

13  (1989)). Although the issue has not been conclusively decided in this circuit,[5] the

14  Court finds no basis to exempt the FCA from the holding of *Dague*. *See also Gates*,

15  987 F.2d at 1403 ("[I]t is clear that contingency multipliers are no longer permitted

16

---

17  [5] In the only occasion the Ninth Circuit has had to consider the issue, the panel

18  found it unnecessary to decide whether the FCA should be exempted from the holding of *Dague*. *See United States ex rel. Sant v. Biotronik, Inc.*, 716 F. App'x 590, 593 n.2 (9th Cir. 2017). Specifically, the panel wrote "we find no error in the

19  district court's decision to reject … a [contingency] lodestar multiplier," which is difficult to square with Relator's claim that *Biotronik* "confirmed" the

20  "appropriateness in considering contingency in setting a market-based hourly rate." ECF No. 529 at 24.

1    under § 1988."). Accordingly, the Court declines to consider the element of

2    contingent risk in determining a reasonable hourly rate, and concludes that an

3    hourly rate of $600 is reasonable for Mr. Babbitt.

4         Defendant's arguments in favor of a lower hourly rate are not persuasive. For

5    example, Defendant points to testimony by Mr. Babbitt that his firm bills his time

6    at an hourly rate of $400. ECF No. 501 at 7. That rate appears to be applicable to

7    Mr. Babbitt's non-FCA work, and the Court finds that Mr. Babbitt could reasonably

8    demand a premium for work on FCA cases in light of his experience and past

9    successes. *Id.* Defendant also points to invoices in which Mr. Babbitt billed Relator

10   at an hourly rate of between $285 and $320. ECF No. 513 at 11–12. But the work

11   reflected in those invoices was preliminary in nature and separate from the

12   substantive legal work on Relator's FCA claims, for which Mr. Babbitt worked on

13   a contingent basis. *See, e.g.*, ECF No. 502-2 at 8 ("Edit letter; confer with client;

14   review changes; dictation; obtain cases"), 28 ("research . . . availability of

15   Defamation or other tort claims by Qui Tam Defendants").

16        Accordingly, the Court finds that an hourly rate of $600 is reasonable for an

17   attorney of Mr. Babbitt's skill, experience, and past success in litigating FCA

18   claims. The Court also finds that reduced hourly rates for Mr. Babbitt's associates

19   and paralegals are reasonable. Thus, the Court awards fees for the work of Mr. Matt

20   Adamson at an hourly rate of $375, for the work of Messrs. Callan Cobb and Geoff

1   Palachuk at an hourly rate of $315, and for the work of the firm's paralegals at an

2   hourly rate of $180.

3              c.      **Reduction for Relator's "Limited Success"**

4              After arguing for a reduction to the lodestar to account for specific factors,

5   Defendant urges the Court to reduce the overall award to "bring it under 10 percent

6   of the total settlement amount" to account for Relator's "limited success." ECF No.

7   513 at 22. Defendant justifies this dramatic and arbitrary reduction by comparing

8   the total liability it faced from Relator's claims—$8.5 billion from the intervened

9   claims alone—with the amount for which it eventually settled, $3.2 million. *Id.*

10  Defendant's argument fails for two reasons.

11             First, the lodestar is presumptively reasonable, and will only rarely be

12  modified. *Camacho*, 523 F.3d at 982. Second, the fruits of Relator's efforts—

13  recovery of millions of taxpayer dollars, wrongly paid out to Defendant—can

14  hardly be characterized as "miniscule." ECF No. 513 at 22. The work of recovering

15  those dollars required a nearly decade-long commitment by Relator and her

16  attorneys, and for that, she is rightly entitled to a substantial award of attorney fees.

17  Accordingly, the Court declines Defendant's invitation to reduce the lodestar.

18

19

20

### 2.    Fees Phase

Relator is also entitled to recover attorney fees incurred in litigating this fee application—so-called "fees on fees." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). The same lodestar method applies to this determination. *Id.*

### a.    Hours Expended

As of the time Relator filed her reply brief, she claims to have expended 533.7 attorney-hours, and 66.7 paralegal hours, in litigating her fee application.  ECF No. 529 at 28. Relator retained counsel to represent her during the fees phase of this litigation. *See* ECF No. 500 at 12. Although the choice to do so was arguably reasonable in light of the significant sums at issue, the Court notes that Mr. Babbitt expended nearly three-quarters of the time fees counsel did during this period. *See* ECF No. 529 at 28. This serves to undercut Relator's assertion that she was forced to retain counsel with specialized experience in fees litigation, *see* ECF No. 500 at 12, as Mr. Babbitt clearly did not hand the reins entirely to fees counsel.

Moreover, as Defendant points out, there are "inherent and immediate inefficiencies" when retaining counsel solely for fees litigation—the attorney must get up to speed on the facts of the underlying merits litigation before serving a useful role in the fees matter. Accordingly, because it appears that the choice to retain fees counsel was not entirely necessary to Relator's success in this phase, the Court reduces the number of hours claimed by Relator for the fees phase of the litigation

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 16

by one-quarter to account for the inefficiency of retaining outside counsel, and awards fees for 400.3 attorney hours.

The Court will also reduce the number of hours reasonably expended to account for several instances of unnecessary conduct by fees counsel. *Hensley*, 461 U.S. at 434. First, the Court reduces the award by 20 hours[6] for each of two improper filings by Relator during the fees litigation. *See* ECF No. 477 ("Scheduling Conference Statement"); ECF No. 534 ("Objections" filing). Both were inappropriate attempts to advance substantive argument through improper filings, and both were struck by the Court. Second, the Court reduces the hours figure by 2.5 hours to correct for at least two misleading assertions by Relator in briefing this matter.[7] Accordingly, the Court finds that Relator is entitled to fees on fees for 357.8 hours of attorney work, and 66.7 hours of work by paralegals.

### b.    Reasonable Hourly Rates

Relator seeks fees on fees at the same $800 hourly rate she suggests is appropriate to compensate Mr. Babbitt for his work during the merits phase of the

---

[6] 20 hours is the Court's estimate of the time spent by fees counsel and Mr. Babbitt on each of the two improper filings, based on the Court's review of the timesheets submitted by each. *See* ECF Nos. 530-1, 531-4.

[7] *Compare* ECF No. 501 at 5 ("In 2003 the Honorable Jeremy Fogel of the United States District Court for the Northern District of California awarded attorney fees based upon a lodestar hourly rate of $425 per hour.") *with* ECF No. 514-1 at 94 ("[T]he Court concludes that an hourly rate of $425 for Mr. Babbitt is excessive."). *See also supra* note 5.

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES **- 17**

litigation. ECF No. 529 at 28. For the reasons explained below, the Court finds that rate excessive, and instead awards fees at an hourly rate of $400.

### i.     Relevant Community

Relator sets forth no persuasive argument for deviating from the forum rule in setting a reasonable hourly rate for fees counsel or Mr. Babbitt's efforts during fees litigation. *Barjon*, 132 F.3d at 500. In contrast to work on the merits phase of the litigation, Relator does not suggest that the community of attorneys capable of litigating the issue of attorney fees is small, or that none practice in this district. Accordingly, the Court finds the relevant community is eastern Washington. *Id.*

### ii.     Prevailing Market Rate

Relator submitted little to no evidence on the question of the prevailing market rate in eastern Washington. Defendant, on the other hand, persuasively argues that experienced litigation partners practicing at firms in the region command fees at a rate of between $300 and $400 per hour. *See* ECF Nos. 515–17. Accordingly, the Court finds that an hourly rate of $400[8] is reasonable for Relator's attorneys' work pursuing fees on fees.[9]

//

---

[8] The Court also finds that $400 per hour is reasonable considering the rate at which Mr. Babbitt bills for non-FCA litigation matters. ECF No. 501 at 7.

[9] As with the merits phase, the Court finds that $180 is a reasonable hourly rate for the work of paralegals at Mr. Babbitt's firm.

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 18

### 3.   Total Attorney Fees Award

In light of the foregoing, the Court awards Relator attorney fees as follows:

**Merits Phase**

| Timekeeper | Role | Hours | Rate | Amount |
|---|---|---|---|---|
| Bruce P. Babbitt | Attorney | 1864.5 | $600 | $1,118,700 |
| Matt T. Adamson | Attorney | 140.4 | $375 | $52,650 |
| Callan J. Cobb | Attorney | 8.75 | $315 | $2756.25 |
| Geoff F. Palachuk | Attorney | 2.75 | $315 | $866.25 |
| Jessica C. Leonard | Paralegal | 179.4 | $180 | $32,292 |
| Erika L. Trask | Paralegal | 31.55 | $180 | $5679 |
| Laura M. Kondo | Paralegal | 1.9 | $180 | $342 |
| | | | **Total**[10] | $1,068,285.50 |

**Fees Phase**

| Timekeeper | Role | Hours | Rate | Amount |
|---|---|---|---|---|
| Bruce P. Babbitt | Attorney | 147.9[11] | $400 | $59,160 |
| Jeremy Friedman | Attorney | 209.9[11] | $400 | $83,960 |
| Evan C. Heaney | Paralegal | 66.2 | $180 | $11,916 |
| Kelli Chapman | Paralegal | 0.2 | $180 | $36 |
| Taylor Waggoner | Paralegal | 0.25 | $180 | $45 |
| | | | **Total** | $155,117.00 |

These calculations result in an overall attorney fees award of $1,223,402.50. The Court is satisfied that this fee is reasonable and "sufficient to induce a capable attorney," such as Mr. Babbitt, to "undertake the representation of a meritorious"

---

[10] Reduced by $145,000 for Relator's settlement with FE&C and Sage Tec. ECF No. 529 at 28.

[11] Claimed amounts, *see* ECF No. 529 at 28, reduced equally by 25%, and again by one-half of the Court's 42.5 hour reduction for counsel's improper conduct, rounded to the nearest one-tenth hour.

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 19

FCA claim, *Perdue*, 559 U.S. at 542, 552 (2010), and reflects both the level of success he achieved and the time it took to do so, *Cal. Hwy. Patrol*, 712 F.3d at 460.

**B.    Costs and Expenses**

In addition to attorney fees, Relator is entitled to recover from Defendant "reasonable expenses which the court finds to have been necessarily incurred." 31 U.S.C. § 3730(d)(1)–(2). Recoverable expenses include those paid "out-of-pocket . . . which would normally be charged to a fee paying client." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), *as amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).

Relator requests $204,614.82 in costs and expenses, and fees counsel requests $2682. *See* ECF No. 529 at 28. By and large, the Court finds the expenses incurred reasonable in light of the duration of this litigation and Relator's role in it. *See, e.g.*, ECF No. 532 at 2; ECF No. 532-3 at 1 (expenses for office space[12] and interns for document review). However, the Court finds some of the expenses, although potentially reasonable, inadequately documented and explained. *See, e.g.*, ECF No. 502-2 at 45–46 ($10,392 to Koprince Law, LLC for "general matters"); ECF No. 532-2 at 1 (twenty two-day trips to Seattle; opaque 49% "burden rate" for

---

[12] Puzzlingly, however, Relator apparently required only about one-fifth of the office space for document storage after relocating in 2017. *See* ECF No. 532-3 at 1 (expenses for 960 sq. ft. between 2011–2016, but only for 200 sq. ft. after relocation in 2017). Relator fails to explain what changed at that time, and this fact is included in the Court's 10% reduction to Relator's expenses.

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 20

1    interns). The Court also notes that after Defendant identified several irregularities

2    in the documentation of her expenses, Relator reduced the amount claimed by

3    $18,220. ECF No. 529 at 26. As such, the Court finds a further 10% reduction to

4    Relator's expenses appropriate, and awards $184,153.34. The Court also finds the

5    expenses requested by fees counsel reasonable, except for the $799 attributed to

6    "Law Catalogue – NLJ Survey" which was obviously used in prior litigation. *See*

7    ECF Nos. 531-5, 508-2. Accordingly, the Court awards an additional $1883, for a

8    total costs and expenses award of $186,036.34.

9        Accordingly, **IT IS HEREBY ORDERED**:

10   **1.**    Relator Salina Savage's Motion and Memorandum for an Award of

11       Relator's Expenses, Attorneys' Fees, and Costs, **ECF No. 500**, is

12       **GRANTED**.

13   **2.**    Defendant Washington Closure Hanford LLC shall pay Relator Salina

14       Savage a **total award** of **$1,409,438.84**.

15   **3.**    The Clerk's Office shall enter **JUDGMENT** in Relator's favor as

16       follows:

17       *A.*    **Attorney fees** in the amount of **$1,223,402.50.**

18       *B.*    **Costs** and **expenses** in the amount of **$186,036.34**.

19   **4.**    The Clerk's Office shall thereafter **CLOSE** this file.

20   **5.**    Relator's Objections to Evidence Submitted In Opposition to Relator's

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES,
COSTS, AND EXPENSES - 21

Fee Petition, **ECF No. 534**, is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of August 2019.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER RULING ON RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES - 22